```
1   JAMES C. POTEPAN (SBN 107370)
    THOMAS M. O'LEARY (SBN 126146)
2   BRIAN C. VANDERHOOF (SBN 248511)
    ROPERS, MAJESKI, KOHN & BENTLEY
3   515 South Flower Street, Suite 1100
    Los Angeles, CA 90071-2213
4   Telephone: (213) 312-2000
    Facsimile: (213) 312-2001
5   Email:     jpotepan@rmkb.com
               bvanderhoof@rmkb.com
6
7   Attorneys for Defendant
    DAHDOUL TEXTILES, INC.
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN COVER DESIGN 26, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>DAHDOUL TEXTILES, INC., a California corporation dba DAHDOUL, INC., and DOES 1-10, et al.,<br><br>Defendants. | Case No. LACV11-6054 JHN (Ex)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Honorable Jacqueline H. Nguyen |

### REPORT OF PARTIES' PLANNING MEETING

By and through their attorneys of record, who are set forth below, the parties have prepared and hereby submit this jointly signed Scheduling Conference report following the conference of counsel required by Federal Rule of Civil Procedure 26(f), Central District Local Rule 26-1 and this Court's Order setting a Scheduling Conference.

/ / /

/ / /

/ / /

/ / /

**a.  Statement of the case:**

  1.  PLAINTIFF'S CONTENTIONS

Plaintiff American Cover Design 26, Inc. ("Plaintiff") is a California corporation in the business of designing and producing rugs. As part of its business practices, it creates two-dimensional artworks, which are, at time, registered with the United States Copyright Office. In this case, Plaintiff has alleged that defendant Dahdoul Textiles, Inc. ("Defendant") engaged in infringing activity by creating, importing, manufacturing, distributing, purchasing, and/or selling a certain design which violates Plaintiff's copyrights. Specifically, this case concerns infringements of one of Plaintiff's designs: Carpet Motif S-251 (P-808) bearing copyright registration number VA 1-765-777 ("Subject Design")

  2.  DEFENDANTS' CONTENTIONS

Defendants deny and dispute Plaintiff's contentions. More particularly, Defendant contends that it never had access to the Subject Design and, even if it did, Defendant contends that the Subject Design is not substantially similar to the allegedly infringing design. Defendant also disputes Plaintiff's alleged claims of copyright ownership, and Defendant seeks to inspect the "original" copyrighted works at issue. Finally, Defendant contends that Plaintiff is not entitled to statutory damages nor attorneys' fees.

Additionally, Defendant has pled the following affirmative defenses: Failure to state a claim upon which relief may be granted; estoppel; waiver; and ratification.

Defendant intends to file an Amended Answer, through stipulation of Plaintiff's counsel, to add, at a minimum, the affirmative defense of innocent intent.

**b.  Subject matter jurisdiction:**

Plaintiff pled and asserted that this action arises under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* Plaintiff further asserted and pled that this Court has federal question jurisdiction under 28. U.S.C. §§ 1331, 1338(a) and (b).

1     Defendant does not dispute Plaintiff's allegations of subject matter
2 jurisdiction.

3 **c.**     **Legal Issues:**

4     This is a copyright infringement case involving a textile pattern that was used
5 on rugs sold in the Los Angeles area. Given the facts currently available, the
6 parties believe this case implicates issues regarding access, substantial similarity,
7 virtual identity, and the availability of statutory damages and attorney's fees.

8     The parties do not anticipate at this time there being any unusual substantive,
9 procedural or evidentiary issues.

10 **d.**     **Parties, evidence, etc.:**

11     **Plaintiff**

12     At this time, Plaintiff believes that the following individuals may have
13 discoverable information that it may use to support its claims in this action:

14     1.     Daniel Myers – Officer of Plaintiff
15     2.     John Marcello – Investigator
16     3.     Emillio Montano – Investigator

17     Plaintiff further believes that it may use the following documents, data
18 compilations and tangible things to support its claims:

19     1.     Copyright Registration
20     2.     Investigator's reports

21     **Defendant**

22     At this time, Defendant believes that the following individuals may have
23 discoverable information that it may use to support its claims and defenses in this
24 action:

25     1.     Imad Dahdoul – Owner/Officer of Defendant
26     2.     Ali Dahdoul – Owner/Officer of Defendant
27     3.     Defendant's third party vendors
28     4.     Defendant's accountant

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*Los Angeles*

1    Defendant further believes that it may use the following documents, data
2 compilations and tangible things to support its claims or defenses:
3    1.   Documents and information related to Defendant's products at issue in
4 this litigation.
5    2.   Documents and information related to Defendant's sales of products at
6 issue in this litigation.
7    3.   Documents and information regarding Defendant's costs and/or
8 expenses.
9    Discovery is in its earliest stages and Defendant's counsel substituted into
10 this action on October 11, 2011.  As a result, the parties reserve their right to
11 supplement this statement through future disclosures as contemplated by Fed. Rule
12 Civ. Proc. 26 as more information might become available as discovery continues.
13 **e.    Damages:**
14    At this time, the parties estimate that provable damages are likely less than
15 $25,000.
16 **f.    Insurance:**
17    Coverage has been provided to Defendant under a CNA Insurance policy.
18 Defendant's counsel has requested, but has not yet received, information regarding
19 the scope of coverage.  Defendant presumes that CNA Insurance company has
20 reserved certain rights under the policy, but is currently unaware of the scope of the
21 reservation, if any.
22 **g.    Motions:**
23    Plaintiff would move to amend the pleadings only if new parties are
24 discovered to have manufactured, purchased, distributed or sold the goods at issue
25 in this case, or goods bearing an unauthorized copy of Plaintiff's design.
26    Defendant is unaware of any additional parties at this time.  However, it may
27 become necessary to add new parties after initial discovery has been conducted.
28 / / /

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*Los Angeles*

**h. Manual for Complex Litigation:**

The parties do not believe that all or any portion of the procedures of the Manual for Complex Litigation should be utilized in this matter.

**i. Status of discovery:**

The parties are currently engaged in discussions regarding settlement and have agreed to exchange documents related to the purchase and sale of the allegedly infringing goods.

**j. Status of Discovery:**

The parties each anticipate serving written discovery in the form of Requests for Production of Documents, Interrogatories, and, if necessary, Requests for Admissions within the next 30 days. It is anticipated that written discovery can be completed in the next 90 – 120 days provided that no significant disputes arise. At the conclusion of written discovery, the parties anticipate conducting party and, to the extent necessary, non-party depositions within 60 days after the completion of written discovery. It is further estimated that expert discovery can be completed within 30 days of the close of all non-expert discovery.

The parties do not believe that any changes in the disclosures under Rule 26(a) should be made.

The parties agree to make their respective initial disclosures on or before October 31, 2011.

**k. Dispositive Motions:**

Plaintiff anticipates making a motion for summary judgment and/or partial summary judgment on the issue of liability.

Defendant may make a motion for summary judgment and/or partial summary judgment on the issues of access, substantial similarity, and Plaintiff's inability to recover statutory damages and/or attorney's fees.

/ / /

/ / /

1 **l.** **Settlement:**

2 The parties are currently engaged in discussions with the expectation that
3 this matter may be settled without the need for judicial assistance or the need to
4 participate in a structured mediation.

5 In the event that the parties are unable to resolve this dispute on their own,
6 the parties agree to utilize Settlement Procedure No. 3 and participate in a non-
7 judicial dispute resolution proceeding.

8 **m.** **Trial estimate:**

9 The parties estimate that jury trial of this matter will last 3 – 4 days. At this
10 time, the parties anticipate calling 6 witnesses per side.

11 **n.** **Trial counsel:**

12 It is anticipated that A. David Youssefyeh will try the case for the Plaintiff.
13 James C. Potepan and Brian C. Vanderhoof will likely try the case for the
14 Defendant.

15 **o.** **Independent expert or master:**

16 The parties do not believe that this case is suitable for the appointment of a
17 independent expert or master.

18 **p.** **Proposed trial date:**

19 The parties agree that a jury trial of this action should commence on
20 November 13, 2012.

21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

**q.    Other issues:**

At this time, no other issues are anticipated that will affect the status or management of the case.

WHEREUPON, the parties, by and through their respective attorneys of record, hereby jointly submit this Joint Report.

Dated:    October 11, 2011               ROPERS, MAJESKI, KOHN & BENTLEY

By: _____/s/_____
JAMES C. POTEPAN
BRIAN C. VANDERHOOF
Attorneys for Defendant
DAHDOUL TEXTILES, INC.

Dated:    October 11, 2011               ADY LAW GROUP, P.C.

By: _____/s/_____
A. DAVID YOUSSEFYEH
Attorneys for Plaintiff
AMERICAN COVER DESIGN 26, INC.