1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

10  American Cover Design 26 Inc.,          )   CASE NO. 2:11-cv-06054-JHN -Ex
                                            )
11                                          )   **ORDER RE JURY TRIAL**
                                            )
12                       Plaintiffs,        )   **I.   ORDER RE DEADLINES:**
                                            )
13                                          )        (SEE PAGE TWO)
    v.                                      )
14                                          )   **II.   ORDER RE TRIAL**
                                            )   **       PREPARATION**
15                                          )
    Dahdoul Textiles Inc et al.,            )   **III.  ORDER GOVERNING**
16                                          )   **        CONDUCT OF ATTORNEYS**
                                            )   **        AND PARTIES**
17                       Defendants.        )
                                            )
18  _____)
19
20
21
22
23
24
25
26
27
28

**I**

1

## DEADLINES

2

3  A.   Adding Parties or Amending Pleadings:  <u>February 7, 2012;</u>

4

5  B. Discovery Cut-off:      <u>April 17, 2012;</u>

6  C. Expert Witness Exchange Deadline:
      Initial:  <u>April 17, 2012;</u>
7     Rebuttal:  <u>May 15, 2012;</u>
      Cut-off: <u>June 12, 2012;</u>
8

9  D. Motion Hearing Cut-off:      <u>June 25, 2012;</u>

10 E. Settlement Conference Cut-off:  <u>July 10, 2012;</u>

11 F. Final Pretrial Conference (and

12    hearing on Motions in Limine):   <u>August 20, 2012 at 10:30 a.m.;</u>

13 G. Trial Date:  September 18,      at 8:30 a.m.

14              <u>2012</u>

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A.      PARTIES/PLEADINGS

The Court has established a cut-off date for adding parties or amending pleadings.  All motions to add parties or to amend the pleadings must be noticed to be <u>heard</u> on or before the cut-off date.  All unserved parties will be dismissed at the time of the pretrial conference pursuant to Local Rule 16-8.1.

B.      DISCOVERY AND DISCOVERY CUT-OFF

1. <u>Discovery Cut-off</u>:  The Court has established a cut-off date for discovery, including expert discovery, if applicable.  This is not the date by which discovery requests must be served; it is the date by which all discovery, <u>including all hearings on any related motions</u>, is to be completed.

2. <u>Discovery Disputes</u>:  Counsel are expected to comply with all Local Rules and the Federal Rules of Civil Procedure concerning discovery.  Whenever possible, the Court expects counsel to resolve discovery problems among themselves in a courteous, reasonable, and professional manner.  The Court expects that counsel will adhere strictly to the Civility and Professionalism Guidelines (which can be found on the Court's website under Attorney Information>Attorney Admissions).

3. <u>Discovery Motions</u>:  Any motion challenging the adequacy of discovery responses must be filed, served, and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date if the motion is granted.

4. <u>Depositions</u>:  All depositions shall commence sufficiently in advance of the discovery cut-off date to permit their completion and to permit the deposing party enough time to bring any discovery motions concerning the deposition before the cut-off date.  Given the requirements to "meet and confer" and to give notice, in most cases a planned motion to compel must be discussed with opposing counsel at least six weeks before the cut-off.

5. <u>Written Discovery</u>:  All interrogatories, requests for production of

documents, and requests for admissions must be served sufficiently in advance of the discovery cut-off date to permit the discovering party enough time to challenge (via motion practice) responses deemed to be deficient.

6. <u>Expert Discovery</u>:  All disclosures must be made in writing.  The parties should begin expert discovery shortly after the initial designation of experts.  The final pretrial conference and trial dates will not be continued merely because expert discovery is not completed.  Failure to comply with these or any other orders concerning expert discovery may result in the expert being excluded as a witness.

C.     LAW AND MOTION

1. The Court has established a cut-off date for the <u>hearing</u> of motions.  All motions must be noticed so that the <u>hearing</u> takes place on or before the motion cut-off date.  Counsel are advised that the Court may close a hearing date once the number of motions filed exceeds the maximum number of motions that can reasonably be heard on that date.  Counsel should anticipate that a preferred hearing date may be unavailable.  Therefore, to avoid being unable to file a motion to be heard by the cut-off date, counsel <u>should file motions sufficiently in advance of the hearing cut-off date to ensure that a hearing date is available</u>.

2. Counsel must provide Chambers with conformed Chambers copies of all documents.  Chambers copies should not be put in envelopes.  Counsel should consult the Court's website at www.cacd.uscourts.gov>Judges' Procedures and Schedules>Hon. Jacqueline H. Nguyen for further information regarding Chambers copies and motion procedures.

D.     SETTLEMENT PROCEDURES

A settlement procedure must be identified in every case pursuant to Local Rule 16-15, et seq.  Counsel must complete a settlement conference no later than the date set by the Court.  Not to the exclusion of other procedures, the following are available:

(1)   a settlement conference before the magistrate judge assigned to the case;

(2)   a settlement conference or mediation before an attorney selected from the Attorney Settlement Panel;

(3)   the employment (at the parties' expense) of a private judge, mediator, or arbitrator.

If a case is selected for the Mandatory ADR Program, the parties may choose option (3) instead, but may <u>not</u> choose option (1).  Judge Nguyen may hold a settlement conference at the request of the parties in jury trial cases with a trial estimate of more than four days.

No case will proceed to trial unless all parties, including the principals of all corporate parties, have appeared personally at a settlement conference.

E.      FINAL PRETRIAL CONFERENCE

A final pretrial conference date has been set pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16-8.  Unless excused for good cause, each party appearing in this action shall be represented at the final pretrial conference by the lead trial counsel for that party.  Counsel should be prepared to discuss streamlining the trial, including presentation of testimony by deposition excerpts or summaries, time limits, stipulations as to undisputed facts, and qualification of experts by admitted resumes.

## II

## ADDITIONAL TRIAL PREPARATION

A.      PRETRIAL DOCUMENTS

1. ALL PRETRIAL DOCUMENT COPIES DELIVERED TO THE COURT SHALL BE "BINDER-READY" (three-hole punched on the left side, without blue-backs, and stapled only in the top left corner).

2. STRICT COMPLIANCE WITH LOCAL RULE 16 IS REQUIRED. THIS ORDER SETS FORTH SOME DIFFERENT AND SOME ADDITIONAL REQUIREMENTS.  THIS COURT DOES NOT EXEMPT *PRO PER* PARTIES

FROM THE REQUIREMENTS OF RULE 16.  Carefully prepared memoranda of contentions of fact and law, witness lists, a joint exhibit list, and a proposed final pretrial conference order shall be submitted in accordance with the Rules, and the format of the proposed final pretrial conference order shall conform to the format set forth in Appendix A to the Local Rules.  Failure to comply with these requirements may result in the final pretrial conference being taken off-calendar or continued, or in other sanctions.

      3.  The filing schedule for pretrial documents is as follows.

          a.  <u>At least 21 days before final pretrial conference</u>:

- Memoranda of contentions of fact and law
- Witness lists
- Joint exhibit list
- Motions *in limine*

          b.  <u>At least 14 days before final pretrial conference</u>:

- Proposed final pretrial conference order lodged
- Proposed jury instructions
- Statement of the case
- Proposed additional voir dire questions, if desired
- Oppositions to motions *in limine*

          c.  <u>At least 7 days before trial</u>:

- Trial briefs, if desired

      4.  In addition to the requirements of Local Rule 16, the witness lists must include a brief description (one or two paragraphs) of the testimony and a time estimate for both direct and cross-examination (separately stated).  See attached samples.

      B.  <u>MOTIONS *IN LIMINE*</u>

      All motions *in limine* must be filed <u>at least three weeks before the final pretrial conference</u>.  Counsel are to meet and confer with opposing counsel to

determine whether opposing counsel intend to introduce the disputed evidence and to attempt to reach an agreement that would obviate the motion.  Oppositions must be filed two weeks before the final pretrial conference.  The Court will rule on motions *in limine* at the final pretrial conference.  Motions in *limine* should address specific issues (e.g., *not* "to exclude all hearsay").  Motions *in limine* should not be disguised motions for summary adjudication of issues.

> C. JURY INSTRUCTIONS, STATEMENT OF THE CASE, AND VOIR DIRE

1. Pursuant to Local Rule 16-2, lead trial counsel for each party are required to meet and confer in person.  The Court expects strict compliance with Local Rule 16-2.  Fourteen days before the Local Rule 16-2 meeting, the parties shall exchange their respective proposed jury instructions and special verdict forms.  Ten days prior to the Local Rule 16-2 meeting, each shall serve objections to the other's instructions and verdict forms.  Before or at the Rule 16-2 meeting, counsel are ordered to meet and confer and attempt to come to agreement on the proposed jury instructions and verdict forms.

2. At the time of filing the proposed final pretrial conference order, counsel shall file with the Court a JOINT set of jury instructions on which there is agreement.  All blanks in standard forms should be filled in.  The Court expects counsel to agree on the substantial majority of jury instructions, particularly when pattern or model instructions provide a statement of applicable law.  If one party fails to comply with the provisions of this section, the other party must file a unilateral set of jury instructions.

3. At the same time, each party shall file its proposed jury instructions that are objected to by any other party.  Each disputed instruction must have attached a short statement (one or two paragraphs), including points and authorities, in support of the instruction and a brief statement, including points and authorities, in support of any objections.  If applicable, a proposed alternative instruction must

1  be provided.

2      4.  When the *Manual of Model Jury Instructions for the Ninth Circuit*

3  provides an applicable jury instruction, the parties should submit the most recent

4  version, modified and supplemented to fit the circumstances of this case.  Where

5  California law applies, counsel should use the current edition of *California Jury*

6  *Instructions—Civil* ("BAJI" or "CACI").  If neither is applicable, counsel should

7  consult the current edition of O'Malley, et al., *Federal Jury Practice and*

8  *Instructions*.  Each requested instruction shall (a) cite the authority or source of

9  the instruction, (b) be set forth in full, (c) be on a separate page, (d) be numbered,

10  (e) cover only one subject or principle of law, and (f) not repeat principles of law

11  contained in any other requested instruction.

12      Counsel may submit alternatives to these instructions only if counsel has a

13  reasoned argument that they do not properly state the law or they are incomplete.

14      5.  Counsel must provide the documents described in paragraphs 2 and 3 on

15  a flash drive in Microsoft Word 2003 (or above) format <u>at the time they file their</u>

16  <u>proposed jury instructions</u>.

17      6.  The Court will send one or more copies of the instructions into the jury

18  room for the jury's use during deliberations.  Therefore, in addition to the copies

19  described above, the flash drive must contain a "clean" set of jury instructions,

20  containing only the text of the instruction (one per page) with the caption

21  "Instruction No. __" at the top (eliminating titles, supporting authority, etc.).

22      7.  Counsel must provide an index of all instructions submitted, which must

23  include the following:

24          a.  the number of the instruction;

25          b.  the title of the instruction;

26          c.  the source of the instruction and any relevant case citations; and

27          d.  the page number of the instruction.

28  For example:

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 1 | Trademark - Defined | 9th Cir.  15.3.2 | 7 |
|   | (15 U.S.C. § 1127) |  |  |

8. During the trial and before argument, the Court will meet with counsel and settle the instructions, and counsel will have an opportunity to make a further record concerning their objections.

9. At the time of filing the proposed final pretrial conference order, counsel should file a jointly prepared one- or two-page statement of the case to be read by the Court to the prospective panel of jurors before commencement of voir dire.

10. The Court will conduct the voir dire.  At the time they file the proposed final pretrial conference order, counsel for each party may, but are not required to, submit a list of proposed case-specific voir dire questions.

D. TRIAL EXHIBITS

1. Exhibits must be placed in three-ring binders indexed by exhibit number with tabs or dividers on the right side.  Counsel shall submit to the Court an original and one copy of the binders.  The spine portion of the binder shall indicate the volume number and contain an index of each exhibit included in the volume.

2. The Court requires that the following be submitted to the Courtroom Deputy Clerk ("CRD") on the first day of trial:

a. The binder of original exhibits with the Court's exhibit tags, yellow tags for plaintiff and blue tags for defendant, stapled to the front of the exhibit at the upper right-hand corner with the case number, case name, and exhibit number placed on each tag.

b. One binder with a copy of each exhibit tabbed with numbers as described above for use by the Court.  (Exhibit tags are not necessary on these copies.)

c. Three copies of exhibit lists.

1        d.  Three copies of witness lists in the order in which the witnesses may

2    be called to testify.

3        3.  Where a significant number of exhibits will be admitted, the Court

4    encourages counsel to consider ways in which testimony about exhibits may be

5    made intelligible to the jury.  The Court has an Elmo and other equipment

6    available for use during trial.  Call the CRD if you wish to visit when the Court is

7    not in session to practice using the equipment.  The Court does not permit exhibits

8    to be "published" by passing them up and down the jury box.

9        E. <u>COURT REPORTER</u>

10       Any party requesting special court reporter services for any hearing (i.e.,

11   real time transmission, daily transcripts) shall notify the reporter <u>at least 2 weeks</u>

12   <u>before the hearing date</u>.

13       F. <u>JURY TRIAL</u>

14       1.  On the first day of trial, court will commence at 9:00 a.m. and conclude

15   at approximately 4:30 p.m. with a one-hour lunch break.  On the first day of trial,

16   <u>counsel must appear at 8:30 a.m.</u> to discuss preliminary matters with the Court.

17   After the first day of trial, trial days are Tuesday through Friday from 9:00 a.m. to

18   approximately 4:00 p.m. with two fifteen-minute breaks and a one-hour lunch

19   break.

20       2.  On the first day of trial, the jury panel will be called when the Court is

21   satisfied that the matter is ready for trial.  Jury selection usually takes only a few

22   hours.  Counsel should be prepared to proceed with opening statements and

23   witness examination immediately after jury selection.

24       3.  In most cases the Court will conduct its initial voir dire of 14 prospective

25   jurors who will be seated in the jury box.  Generally the Court will select seven or

26   eight jurors.

27       4. Each side will have three peremptory challenges.  If 14 jurors are seated

28   in the box and all six peremptories are exercised, the remaining eight jurors will

constitute the jury panel.  If fewer than six peremptories are exercised, the eight

jurors in the lowest-numbered seats will be the jury.  The Court will not

necessarily accept a stipulation to a challenge for cause.  If one or more challenges

for cause are accepted and all six peremptories are exercised, the Court may

decide to proceed with six or seven jurors.

### III

### <u>CONDUCT OF ATTORNEYS AND PARTIES</u>

A. <u>OPENING STATEMENTS, EXAMINING WITNESSES, AND
SUMMATION</u>

1.  Counsel must use the lectern.

2.  Counsel must not consume time by writing out words, drawing charts or

diagrams, etc.  Counsel may prepare such materials in advance.

B. <u>OBJECTIONS TO QUESTIONS</u>

1.  Counsel must not use objections for the purpose of making a speech,

recapitulating testimony, or attempting to guide the witness.

2.  When objecting, counsel must rise to state the objection and state only

that counsel objects and the legal ground of objection.  If counsel wishes to argue

an objection further, counsel must ask for permission to do so.

C. <u>GENERAL DECORUM</u>

1.  Counsel should not approach the CRD or the witness box without

specific permission and must return to the lectern when the purpose for

approaching has been accomplished.

2.  Counsel should rise when addressing the Court, and when the Court or

the jury enters or leaves the courtroom.

3.  Counsel should address all remarks to the Court.  Counsel are not to

address the CRD, the court reporter, persons in the audience, or opposing counsel.

If counsel wish to speak with opposing counsel, counsel must ask permission to

do so.  Any request for the re-reading of questions or answers shall be addressed

to the Court.  Requests may not be granted.

4.  Counsel should not address or refer to witnesses or parties by first names alone, with the exception of witnesses under 14 years old.

5.  Counsel must not offer a stipulation unless counsel have conferred with opposing counsel and have verified that the stipulation will be acceptable.

6.  While Court is in session, counsel must not leave counsel table to confer with any person in the back of the courtroom unless permission has been granted in advance.

7.  Counsel should not by nonverbal conduct exhibit any opinion concerning testimony being given by a witness.  Counsel should admonish counsel's own clients and witnesses to avoid such conduct.

8.  Counsel should not talk to jurors at all, and should not talk to co-counsel, opposing counsel, witnesses, or clients where the conversation can be overheard by jurors.  Each counsel should admonish counsel's own clients and witnesses to avoid such conduct.

9.  Where a party has more than one lawyer, only one may conduct the direct or cross-examination of a particular witness, or make objections as to that witness.

D. PROMPTNESS OF COUNSEL AND WITNESSES

1.  Promptness is expected from counsel and witnesses.  Once counsel are engaged in trial, this trial is counsel's first priority.  The Court will not delay the trial or inconvenience jurors.

2.  If a witness was on the stand at a recess or adjournment, counsel who called the witness shall ensure the witness is back on the stand and ready to proceed when trial resumes.

3.  Counsel must notify the CRD in advance if any witness should be accommodated based on a disability or for other reasons.

4.  No presenting party may be without witnesses.  If a party's remaining

witnesses are not immediately available and there is more than a brief delay, the Court may deem that party to have rested.

5. The Court attempts to cooperate with professional witnesses and will, except in extraordinary circumstances, accommodate them by permitting them to be called out of sequence. Counsel must anticipate any such possibility and discuss it with opposing counsel. If there is an objection, counsel must confer with the Court in advance.

E. EXHIBITS

1. Each counsel should keep counsel's own list of exhibits and should note when each has been admitted into evidence.

2. Each counsel is responsible for any exhibits that counsel secures from the CRD and must return them before leaving the courtroom at the end of the session.

3. An exhibit not previously marked should, at the time of its first mention, be accompanied by a request that it be marked for identification. Counsel must show a new exhibit to opposing counsel before the court session in which it is mentioned.

4. Counsel are to advise the CRD of any agreements with respect to the proposed exhibits and as to those exhibits that may be received without further motion to admit.

5. When referring to an exhibit, counsel should refer to its exhibit number. Witnesses should be asked to do the same.

6. Counsel must not ask witnesses to draw charts or diagrams nor ask the Court's permission for a witness to do so. Any graphic aids must be fully prepared before the court session starts.

F. DEPOSITIONS

1. All depositions to be used at trial, either as evidence or for impeachment, must be lodged with the CRD on the first day of trial or such earlier date as the

Court may order.  Counsel should verify with the CRD that the relevant deposition is in the CRD's possession.

2.  In using depositions of an adverse party for impeachment, either one of the following procedures may be adopted:

(a)  If counsel wishes to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, counsel shall first state the page and line where the reading begins and the page and line where the reading ends, and allow time for any objection.  Counsel may then read the portions of the deposition into the record.

(b)  If counsel wishes to ask the witness further questions on the subject matter, the deposition shall be placed in front of the witness and the witness told to read the relevant pages and lines silently.  Then counsel may either ask the witness further questions on the matter and thereafter read the quotations, or read the quotations and thereafter ask further questions.  Counsel should have an extra copy of the deposition for this purpose.

3.  Where a witness is absent and the witness's testimony is offered by deposition, counsel may (a) have a reader occupy the witness chair and read the testimony of the witness while the examining lawyer asks the questions, or (b) have counsel read both the questions and answers.

G.  USING NUMEROUS ANSWERS TO INTERROGATORIES AND REQUESTS FOR ADMISSIONS

Whenever counsel expects to offer a group of answers to interrogatories or requests for admissions extracted from one or more lengthy documents, counsel should prepare a new document listing each question and answer and identifying the document from which it has been extracted.  Copies of this new document should be given to the Court and opposing counsel.

H.  ADVANCE NOTICE OF UNUSUAL OR DIFFICULT ISSUES

If any counsel have reason to anticipate that a difficult question of law or

evidence will necessitate legal argument requiring research or briefing, counsel must give the Court advance notice.  Counsel are directed to notify the CRD at the day's adjournment if an unexpected legal issue arises that could not have been foreseen and addressed by a motion *in limine.  See* Fed. R. Evid. 103.  Counsel must also advise the CRD at the end of each trial day of any issues that must be addressed outside the presence of the jury, so that there is no interruption of the trial.  THE COURT WILL NOT KEEP JURORS WAITING.

IT IS SO ORDERED.

DATED: October 13, 2011

_____
Jacqueline H. Nguyen
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

|                                    |     |                              |
| ---------------------------------- | --- | ---------------------------- |
|                                    | )   | Case No.          -JHN-x     |
|                                    | )   |                              |
|                                    | )   |                              |
|                                    | )   |                              |
| Plaintiff(s),                      | )   |                              |
|                                    | )   |                              |
| vs.                                | )   |                              |
|                                    | )   | **WITNESS LIST**             |
|                                    | )   |                              |
|                                    | )   |                              |
|                                    | )   |                              |
| Defendant(s).                      | )   | *SAMPLE FORMAT*              |
|                                    | )   |                              |

| WITNESSES FOR PLAINTIFF | DATES OF TESTIMONY |
| ----------------------- | ------------------ |
|                         |                    |
|                         |                    |
|                         | *(to be filled in during trial)* |
|                         |                    |
|                         |                    |
|                         |                    |
| WITNESSES FOR DEFENDANT |                    |
|                         |                    |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

)   CASE NO.  CV
)
)
)
)
Plaintiff(s),                )
)
vs.                          )   **EXHIBIT LIST**
)
)
)   *SAMPLE FORMAT*
)
)
Defendant(s).           )
)

| EX. No. | DESCRIPTION | IDENTIFIED | ADMITTED |
|---------|-------------|------------|----------|
|         |             |            |          |
|         |             |            |          |
|         |             |            |          |
|         |             |            |          |
|         |             |            |          |
|         |             |            |          |
|         |             |            |          |