UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN COVER DESIGN 26, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>DAHDOUL TEXTILES, INC., a California corporation dba DAHDOUL, INC., and DOES 1-10, et al.,<br><br>Defendants. | Case No. LACV11-6054 JHN (Ex)<br><br>[~~Proposed~~]<br><br>**PROTECTIVE ORDER RE CONFIDENTIALITY**<br><br>Honorable Jacqueline H. Nguyen |

Pursuant to the stipulation between plaintiff American Cover Design 26, Inc. and defendant Dahdoul Textiles, Inc. through their respective counsel, for the entry of a Protective Order Re Confidentiality, and good cause appearing therefor,

///
///
///
///
///
///
///

IT IS HEREBY ORDERED:

1. A party to this action who produces or provides documents, things, testimony, or other information, which he, she, or it reasonably believes to comprise or contain Confidential Information, and which he, she, or it desires to be subject to this Protective Order, shall designate such information or materials as either "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY." Confidential Information is information which has not been made public and which concerns or relates to the internal operations, trade secrets, sales, pricing, shipments, purchases, suppliers, customers, inventories, amount or source of income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization the disclosure of which information may have the effect of causing harm to the rights of privacy or competitive position of the person, firm, partnership, corporation, or organization from which the information was obtained.

2. The designation of documents, things, testimony, or other information as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" shall be made as follows:

(a) Documents and things comprising or containing Confidential Information shall be designated by prominently stamping or marking the documents or things with the term "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY." If a confidential document consists of multiple pages, each page of the document shall be so stamped or marked.

(b) A deposition transcript comprising or containing Confidential Information shall be designated "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" by requesting such treatment thereof either on the record at the time of the deposition or by written notice after service of the deposition transcript. If confidential treatment of a deposition transcript is requested on the record at the time of the deposition, the requesting party shall

1  instruct the court reporter to stamp or mark each page of the transcript containing
2  the Confidential Information with the terms "CONFIDENTIAL" or
3  "CONFIDENTIAL–ATTORNEYS' EYES ONLY." The requesting party may also
4  instruct the court reporter to separately bind such designated pages of the transcript.
5  If confidential treatment of a transcript is requested by a party by written notice
6  after completion of a deposition transcript, such written notice shall be mailed to all
7  other parties within twenty (20) days after completion and service of the transcript.
8  Such written notice shall specifically identify by page and line number all portions
9  of the transcript that should be treated as "CONFIDENTIAL" or
10 "CONFIDENTIAL–ATTORNEYS' EYES ONLY" in accordance with this
11 Protective Order. Documents or things used as exhibits at a deposition that a party
12 desires to be subject to this Protective Order shall be separately stamped or marked
13 "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" as
14 specified in paragraph 2(a). Any additional deposition costs incurred as a result of
15 separately binding confidential portions of a deposition transcript shall be borne by
16 the party who requests such handling of the transcript.
17       (c)   Any party may designate documents or things produced by a
18 third party pursuant to a subpoena as "CONFIDENTIAL" or "CONFIDENTIAL–
19 ATTORNEYS' EYES ONLY" by providing written notice to each other party
20 within ten (10) days of receipt of the documents or things produced by the third
21 party. Such written notice shall specifically identify each document or thing
22 produced by the third party that should be treated as "CONFIDENTIAL" or
23 "CONFIDENTIAL–ATTORNEYS' EYES ONLY" in accordance with this
24 Protective Order.
25       (d)   Notwithstanding any other provision of this Protective Order, if
26 any party believes that any document or other information not designated as
27 "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" should
28 be so designated (except documents or information belonging to another party), that

1  party shall notify the other parties within 30 days following production of the
2  documents or other information and request that the information be designated as
3  "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." A
4  party requesting that documents be treated as "CONFIDENTIAL" or
5  "CONFIDENTIAL-ATTORNEYS' EYES ONLY" in accordance with this
6  paragraph shall also provide each other party with copies of such documents that
7  have been stamped or marked "CONFIDENTIAL" or "CONFIDENTIAL-
8  ATTORNEYS' EYES ONLY" in the manner indicated above. Documents or
9  information designated as "CONFIDENTIAL" or "CONFIDENTIAL-
10 ATTORNEYS' EYES ONLY" in accordance with this paragraph shall be treated in
11 accordance with such designation from the date of receipt of the request that they
12 be so treated and receipt of copies of the documents that have been appropriately
13 stamped or marked "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS'
14 EYES ONLY." Any disclosure made before such notification shall not be deemed
15 to be in violation of this Protective Order.
16     3.    By designating a document, thing, testimony, or other information as
17 "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" in
18 accordance with this Protective Order, the party making such designation certifies
19 that there is a good faith basis in both fact and law for the designation.
20     4.    In the absence of designating a document, thing, testimony, or other
21 information as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES
22 ONLY" in accordance with this Protective Order, such documents, things,
23 testimony, or other information shall be deemed to be non-confidential and not
24 restricted by this Protective Order.
25     5.    Information and materials designated as "CONFIDENTIAL" or
26 "CONFIDENTIAL–ATTORNEYS' EYES ONLY" shall be held by counsel in
27 confidence and shall be used solely in connection with the prosecution, defense, or
28 settlement of this action. Information and materials designated as

"CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" shall not be disclosed to any person except as hereinafter provided.

6. Information and materials designated "CONFIDENTIAL" pursuant to this Protective Order (including any copies, summaries, excerpts, and abstracts derived therefrom) may be disclosed, directly or indirectly, only to the following qualified persons:

(a) The Court before which this action is pending and the clerks and other personnel of the Court;

(b) The attorneys of record for the parties in this matter;

(c) The office personnel employed by the attorneys of record working under direct supervision of said attorneys;

(d) Experts or other persons retained by counsel to assist in the prosecution, defense, or settlement of this action, provided that said experts and consultants expressly agree to be bound by the terms of this Protective Order;

(e) Any party, and any party's officers, directors, partners, or managing agents, provided that such persons expressly agree to be bound by the terms of this Protective Order;

(f) Third-party witnesses to the extent they have had access to the Confidential Information prior to the entry of this Protective Order;

(g) Court reporters at depositions or other proceedings in this matter and persons providing litigation support services for counsel of record including photocopying, videotaping, transcription, translation, and exhibit preparation services;

(h) Any mediator or arbitrator mutually selected by the parties or appointed by the Court for the purpose of assisting in the settlement of this action; and

(i) Such other persons as the parties may agree to in writing, or who may be designated by the Court.

7. Information and materials designated "CONFIDENTIAL–ATTORNEYS' EYES ONLY" pursuant to this Protective Order (including any copies, summaries, excerpts, and abstracts derived therefrom) may be disclosed, directly or indirectly, only to the following qualified persons:

    (a) The Court before which this action is pending and the clerks and other personnel of the Court;

    (b) The attorneys of record for the parties in this matter;

    (c) The office personnel employed by the attorneys of record working under direct supervision of said attorneys;

    (d) Experts or other persons retained by counsel to assist in the prosecution, defense, or settlement of this action, provided that said experts and consultants expressly agree to be bound by the terms of this Protective Order;

    (e) Third-party witnesses to the extent they have had access to the Confidential Information prior to the entry of this Protective Order;

    (f) Court reporters at depositions or other proceedings in this matter and persons providing litigation support services for counsel of record including photocopying, videotaping, transcription, translation, and exhibit preparation services;

    (g) Any mediator or arbitrator mutually selected by the parties or appointed by the Court for the purpose of assisting in the settlement of this action; and

    (h) Such other persons as the parties may agree to in writing, or who may be designated by the Court.

8. Prior to receiving any documents, things, testimony, or other information designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY," each "qualified person" specified above in paragraphs 6(d) and (e) and 7(d) shall be provided with a copy of this Protective Order and shall execute a Nondisclosure Agreement in the form of Attachment A.

Counsel who disclose designated Confidential Information to such a "qualified person" shall maintain the executed copy of the Nondisclosure Agreement in his or her file and make it available at or in connection with any Court proceeding where it may be called for.

9. This Protective Order shall not expand or restrict the rights of any party to either demand the production of any documents, things, or information, or to object to any demand for documents, things, or information, or to withhold any documents, things, or information. Nor shall this Protective Order expand or restrict the rights of any party to seek to have the Court compel the production of any documents, things, or information.

10. This Protective Order shall not restrict the rights of any party to use or disseminate any documents, things, or information obtained independently of discovery in this action, whether or not such documents, things, or information are also obtained through discovery. Nothing in this Protective Order shall restrict a party from using, disclosing, or disseminating its own documents, things, or information as it deems appropriate, whether or not such documents, things, or information have been designated "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" in accordance with this Protective Order.

11. If any documents, things, or information designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" are included with any papers filed with the Court, the filing party shall file such papers and materials under seal in accordance with the procedures required by California Central District Local Rule 79-5 or other similar court rules or orders that may be controlling at the time of the filing of such papers and materials.

12. In the event that any documents, things, or information designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" are used in any court proceeding in this action, the parties shall take all reasonable steps to maintain their confidentiality, provided that any protective measures relating to

1  confidential information used in court proceedings in this matter shall be presented,
2  at an appropriate time, to the judicial officer conducting the proceeding.

3      13.   Maintenance of the protected status of any "CONFIDENTIAL" or
4  "CONFIDENTIAL–ATTORNEYS' EYES ONLY" documents, things, or
5  information shall in all cases be subject to further order of the Court. Nothing
6  herein shall preclude any party upon proper notice to all other parties from applying
7  to the Court for any modification of this Protective Order, or moving the Court for
8  an order changing the status of any particular designated information or document,
9  or relieving a party from the restrictions contained in this Protective Order, or from
10 applying to the Court for further or additional protective orders. Any motion filed
11 with respect to this Protective Order or documents, things, or information labeled
12 "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" must
13 comply with all applicable rules of the Central District of California.

14     14.   No party shall be obligated to challenge the propriety of the
15 designation of any documents, things, or information as "CONFIDENTIAL" or
16 "CONFIDENTIAL–ATTORNEYS' EYES ONLY," and the failure to do so shall
17 not constitute acquiescence as to the appropriateness of the designation or otherwise
18 preclude a subsequent challenge to the designation.

19     15.   At the final conclusion of this action, including the conclusion of any
20 appeal or time for appeal, any party may serve a written notice on the other parties
21 demanding that the "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS'
22 EYES ONLY" documents and things that were produced by that party and that are
23 still in existence, including all copies, summaries, excerpts, and abstracts thereof,
24 be returned or destroyed. Within thirty (30) days of receipt of such a demand,
25 counsel shall certify in writing that such documents and things have been returned
26 or destroyed. Notwithstanding the foregoing, counsel may retain archival copies of
27 documents and things consisting of or containing Confidential Information,
28 including trial, hearing, and deposition transcripts and exhibits, and pleadings and

other documents submitted to the Court. Counsel may also retain documents and things that are their own work product or that are subject to the attorney-client privilege.

16. The parties to this agreement may change its terms or effects at any time by further mutual agreements in writing as approved by the Court.

17. This Protective Order is entered solely for the purpose of facilitating the exchange of documents, things, and information between the parties in this action. Nothing in this Protective Order nor the production of any documents, things, or information under the terms of this Protective Order nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of an admission or waiver of any kind by any party.

18. The parties and their attorneys and any other persons subject to the terms of this Protective Order agree that the Court shall have jurisdiction over them for the purpose of enforcing this Protective Order.

IT IS SO ORDERED.

DATED: 11/1/11

Charles F. Eick ~~JACQUELINE H. NGUYEN~~
UNITED STATES ~~DISTRICT JUDGE~~
Magistrate Judge

Submitted by,

ROPERS, MAJESKI, KOHN & BENTLEY

By:/s/ Brian Vanderhoof
　JAMES C. POTEPAN
　BRIAN C. VANDERHOOF
　Attorneys for Defendant
　DAHDOUL TEXTILES, INC.

-9-